IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DANNY TROXELL,

    Petitioner,

v.

ROBERT HOREL, Warden,

    Respondent.

_____/

No C-07-1583 TEH (PR)

ORDER TO SHOW CAUSE

    Petitioner, a state prisoner incarcerated at Pelican Bay State Prison in Crescent City, California, has filed a pro se Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging the California Board of Parole Hearings' ("BPH") refusal to grant him parole at his 2006 parole suitability hearing. Petitioner, convicted in Fresno County, originally filed this action in the United States District Court for the Eastern District of California. Per order filed on March 20, 2007, the action was transferred to this Court. Doc. #1.

I

On July 16, 1979, Petitioner pleaded guilty to murder and robbery and was sentenced in Fresno County Superior Court to an indeterminate term of 26 years to life in state prison. Doc. #8 at 2-3. Petitioner first became eligible for parole in 1995. Id. at 8. As of the date or his Amended Petition, he had served over 28 years of his sentence, and had three parole suitability hearings: the first in 1995, the second in 2001, and the third in 2006. Id.

Petitioner has filed several pro se Petitions for Writ of Habeas Corpus in Fresno County Superior Court, the California Court of Appeal, and the California Supreme Court. Doc. #8 at 5-5A. His most recent Petition filed in the California Supreme Court was denied on June 20, 2007. Doc. #8 at 5.

II

This Court may entertain a Petition for a Writ of Habeas Corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

Petitioner seeks federal habeas corpus relief due to BPH's failure to grant him parole at his latest parole hearing on the ground that the denial violates due process. Among other things, Petitioner claims that the decision is not supported by some

2

evidence in the record. Doc. #8 at 6.

Liberally construed, Petitioner's claim appears colorable under § 2254 and merits an Answer from Respondent. See Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1127-29 (9th Cir. 2006) (finding that refusal to set parole date for prisoner with 15-to-life sentence implicated prisoner's liberty interest in release on parole which cannot be denied without adequate procedural due process protections).

III

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this Order and the Amended Petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this Order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within 60 days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a Writ of Habeas Corpus should not be granted. Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within 30 days of his receipt of the Answer.

3

3. In lieu of an Answer, Respondent may file a Motion to Dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an Opposition or Statement of Non-Opposition within 30 days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a Reply within 15 days of receipt of any Opposition.

4. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner also must keep the Court and all parties informed of any change of address.

IT IS SO ORDERED.

DATED 4/27/09

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.07\Troxell-07-1583-osc-parole.wpd

4